Case 1:25-cv-01965-GHW    Document 8    Filed 03/11/25    Page 1 of 3

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
PRISONERS' LEGAL SERVICES OF NEW YORK, :
*et al.*, :
:
                              Plaintiffs, :    1:25-cv-1965-GHW
:
                -against- :       ORDER
:
U.S. DEPARTMENT OF HOMELAND SECURITY, :
*et al.*, :
:
                             Defendants. :
:
-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426–27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))). To determine whether transfer is appropriate, courts consider the following factors: "(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses;

(5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances." *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011)

Here, the complaint alleges that venue is proper in this district "under 28 U.S.C. § 1391(b), (e)." Dkt. No. 1 ¶ 3 ("Complaint"). This entire case, however, arises from alleged conduct at the Buffalo Federal Detention Facility ("BFDF") in Genesee County, *id.* ¶ 1, which lies in the Western District of New York, 28 U.S.C. § 112(d) ("The Western District comprises the counties of Allegany, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates."). At a minimum, the "convenience of the witnesses," the "locus of operative facts," the "location of relevant documents and the relative ease of access to sources of proof," and "trial efficiency" all appear to favor a transfer of this action to the Western District. *Keitt*, 882 F. Supp. 2d at 459–60 (transferring action to Western District under many of the same factors). The first factor—convenience of the witnesses—is "typically regard[ed] as the most important factor" in considering whether to transfer a case pursuant to Section 1404(a). *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016) (quoting *Jackson v. Avis Rent A Car Sys., LLC*, No. 14-cv-1658 (LLS), 2015 WL 1004299, at *3 (S.D.N.Y. Mar. 6, 2015)).

Moreover, while a plaintiff's choice of forum is normally left undisturbed "unless the balance is strongly in favor of [transfer]," *Seagoing Unif. Corp. v. Texaco, Inc.*, 705 F. Supp. 918, 936 (S.D.N.Y. 1989) (quotation omitted), "the weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither her home nor the place where the cause of action arose," *Reeder v. Yamaha Motor Corp., U.S.A.*, No. 92 CIV. 5455 (PKL), 1992 WL 370414, at *4 (S.D.N.Y. Dec. 2, 1992). As discussed, the operative facts in this case occurred in the Western District, not the Southern District. And only one of the three named

2

plaintiffs is alleged to reside in the Southern District. *See* Complaint ¶¶ 8 (alleging that Plaintiff Prisoners' Legal Services of New York "maintains offices" in Buffalo, where the operative facts in this case occurred, as well as Newburgh, Ithaca, and Albany), 9 (alleging that Plaintiff Robert F. Kennedy Human Rights Center "maintains offices" in New York City and Washington, D.C.), 10 (alleging that Plaintiff New York Civil Liberties Union resides in New York City because its "main office" is in New York City).

Many of the remaining factors "do not appear to weigh strongly in favor of either the Southern or Western District." *Keitt*, 882 F. Supp. 2d at 459. "There would be little, if any, difference[] between these districts with respect to the availability of process to compel the attendance of unwilling witnesses (given that, under applicable law, compulsory process would be available throughout New York State, see Fed. R. Civ. P. 45(b)(2)(C))." *Id.* Nor is there any apparent difference in the "relative means of the parties" and the forums' "familiarit[ies] with the governing law." *See id.*

Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE no later than April 4, 2025 as to why this action should not be transferred to the Western District of New York. In the alternative, if the parties are willing to transfer this action to the Western District, the Court requests that the parties submit a joint letter stating that they consent to the transfer of this action to the Western District no later than April 4, 2025.

SO ORDERED.

Dated: March 11, 2025  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge