**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRISONERS' LEGAL SERVICES OF NEW YORK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | 25 Civ. 1965 (GHW) (VF) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO TRANSFER</u>**

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2761

CHRISTOPHER K. CONNOLLY
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ....................1

ARGUMENT ....................1

A. This Entire Case Arises from Alleged Conduct in the Western District of New York ....................2

B. The Western District of New York Is the More Convenient Forum for Witnesses and the Parties ....................4

C. The Primary Sources of Proof Are Located in the Western District of New York ....................6

D. The Relative Means of the Parties Does Not Weigh Against Transfer ....................7

E. Plaintiffs' Choice of Venue Is Entitled to Diminished Weight ....................7

F. The Interests of Justice and Totality of the Circumstances Support Transfer ....................8

CONCLUSION ....................10

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

*Alpha Industries, Inc. v. Alpha Clothing Co. LLC*,
No. 21 Civ. 87 (KPF), 2021 WL 2688722 (S.D.N.Y. June 30, 2021) ........ 2

*Barry v. United States*,
No. 21 Civ. 7684 (BCM), 2022 WL 4467504 (S.D.N.Y. Sept. 26, 2022) ........ 7

*Burgos v. United States*,
No. 16 Civ. 7091 (RA), 2017 WL 2799172 (S.D.N.Y. June 27, 2017) ........ 1

*Daniel v. American Bd. of Emergency Medicine*,
428 F.3d 408 (2d Cir. 2005) ........ 2

*Dickerson v. Novartis Corp.*,
315 F.R.D. 18 (S.D.N.Y. 2016) ........ 9

*DiPizio v. Empire State Development Corp.*,
No. 15 Civ. 5339 (GHW), 2015 WL 5824704 (S.D.N.Y. Oct. 5, 2015) ........ 4, 6

*Dynamic Data Technologies, LLC v. HTC Corp.*,
No. 18 Civ. 10180 (GHW), 2019 WL 2433549 (S.D.N.Y. June 11, 2019) ........ *passim*

*Fox v. Paterson*,
No. 10 Civ. 6240, 2010 WL 11545717 (W.D.N.Y. May 13, 2010) ........ 3

*Freeplay Music, LLC v. Gibson Brands, Inc.*,
195 F. Supp. 3d 613 (S.D.N.Y. 2016) ........ 4

*Fund for Louisiana's Future v. Louisiana Bd. of Ethics*,
No. 14-CV-0368, 2014 WL 1514234 (E.D. La. Apr. 16, 2014) ........ 2

*Giordano v. Offray*,
No. 18 Civ. 6816 (GHW), 2019 WL 13252609 (S.D.N.Y. May 21, 2019) ........ 2, 4

*Gordon v. State Farm Fire & Casualty Co.*,
No. 24 Civ. 8392 (GHW), 2025 WL 1079096 (S.D.N.Y. Apr. 10, 2025) ........ 4, 8

*Harris v. Brody*,
476 F. Supp. 2d 405 (S.D.N.Y. 2007) ........ 8

*Invivo Research, Inc. v. Magnestic Resonance Equipment Corp.*,
119 F. Supp. 2d 433 (S.D.N.Y. 2000) ........ 6

*Jenkins v. Miller*,
983 F. Supp. 2d 423 (D. Vt. 2013) .......... 2

*Kalman v. Cortes*,
646 F. Supp. 2d 738 (E.D. Pa. 2009) .......... 2

*Payless Shoesource, Inc. v. Avalon Funding Corp.*,
666 F. Supp. 2d 356 (E.D.N.Y. 2009) .......... 4

*Robert F. Kennedy Human Rights v. ICE*,
22-CV-00929-LJV-HKS, 2024 WL 3968822 (W.D.N.Y. Aug. 28, 2024) .......... 9

*Ruiz ex rel. E.R. v. United States*,
No. 13 Civ. 1241 (KAM) (SMG), 2014 WL 4662241 (E.D.N.Y. Sept. 18, 2014) .......... 5

*Simpson v. Rodas*, No. 10 Civ. 6670 (CS),
2012 WL 4354832 (S.D.N.Y. Sept. 21, 2012) .......... 8

*Williams v. City of New York*,
03 Civ. 5342 (RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) .......... 9

**STATUTES**

28 U.S.C. § 1391 .......... 1

28 U.S.C. § 1404 .......... 1, 2

## PRELIMINARY STATEMENT

Defendants respectfully submit this reply memorandum of law in further support of their motion to transfer this matter to the U.S. District Court for the Western District of New York pursuant to 28 U.S.C. § 1404(a).

Transfer is warranted for the fundamental reason Judge Woods identified in his order to show cause: "This entire case . . . arises from alleged conduct at the Buffalo Federal Detention Facility ('BFDF') . . . which lies in the Western District of New York." Plaintiffs, in their opposition, do not seriously dispute that observation, and cannot overcome the clear and convincing reasons for transfer that flow from it. The locus of operative facts—not only concerning plaintiffs' First Amendment claim, but also regarding their APA claim—occurred in the Western District, notwithstanding two of the three plaintiffs' assertion that some of their speech was chilled elsewhere. The convenience of both witnesses and the parties favors the Western District, as does the location of sources of proof and considerations of judicial economy. Against these reasons for transfer, plaintiffs' choice of venue is entitled to diminished weight—indeed, standing alone, it cannot justify litigating before this Court a case that is rooted entirely in the Western District.

Accordingly, defendants' motion to transfer should be granted.

## ARGUMENT

Plaintiffs do not dispute that the first prong of § 1404(a)'s transfer test is satisfied: this action could have been brought in the Western District of New York. *See Burgos v. United States*, No. 16 Civ. 7091 (RA), 2017 WL 2799172, at *2 (S.D.N.Y. June 27, 2017); 28 U.S.C. § 1391(e)(1). Evaluating the factors at the second prong is "an equitable task left to the Court's discretion." *Dynamic Data Technologies, LLC v. HTC Corp.*, No. 18 Civ. 10180 (GHW), 2019 WL 2433549,

at *2 (S.D.N.Y. June 11, 2019) (Woods, J.). Here, those factors weigh decidedly in favor of transfer.

**A. This Entire Case Arises from Alleged Conduct in the Western District of New York**

"The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer," *Alpha Industries, Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87 (KPF), 2021 WL 2688722, at *6 (S.D.N.Y. June 30, 2021), and the events described in plaintiffs' complaint all occurred in the Western District of New York, *see* Compl. (ECF No. 1) ¶¶ 13-31; Defs.' Br. (ECF No. 31) 2-3, 7. Judge Woods recognized this fact in his order to show cause. Order to Show Cause (ECF No. 8) 2. And plaintiffs do not seriously dispute Judge Woods's observation.

Like their response to the order to show cause, plaintiffs' opposition avoids squarely addressing this factor. Instead, they assert that their choice of venue in this District is entitled to deference because the First Amendment rights of two of the three plaintiff organizations were chilled here. *See* Pls.' Opp. (ECF No. 32) 10-12. But plaintiffs' authority for this proposition consists only of two out-of-Circuit decisions addressing whether, in First Amendment cases concerning the actions of state governments, venue is proper in the district where the plaintiff resides and suffered the purported harm or the district where the state capital is located and relevant decisions were made. *See id.* 10-11 (citing *Kalman v. Cortes*, 646 F. Supp. 2d 738, 742 (E.D. Pa. 2009); *Fund for Louisiana's Future v. Louisiana Bd. of Ethics*, No. 14-CV-0368, 2014 WL 1514234, at *12 (E.D. La. Apr. 16, 2014)). Those cases are in tension with cases from this Circuit—including from Judge Woods—holding that "[t]he venue inquiry 'focus[es] on relevant activities of the defendant, not of the plaintiff.'" *Jenkins v. Miller*, 983 F. Supp. 2d 423, 464 (D. Vt. 2013) (quoting *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 432 (2d Cir. 2005)); *accord Giordano v. Offray*, No. 18 Civ. 6816 (GHW), 2019 WL 13252609, at *2 (S.D.N.Y.

May 21, 2019) (Woods, J.) ("to the extent that Defendant acted in a way that infringed Plaintiff's trademark, his conduct occurred in Pasadena, California, not New York"). Put another way, as one case cited by plaintiffs explains, "venue in a given district is not necessarily proper simply because the defendant's acts had some effects there." *Fox v. Paterson*, No. 10 Civ. 6240, 2010 WL 11545717, at *4 (W.D.N.Y. May 13, 2010).

In any event, plaintiffs' theory concerning the locus of operative facts fails on its own terms. To begin, none of plaintiff PLSNY's alleged harms occured in this District—plaintiffs admit they occurred, in part, in the Western District. Pls.' Opp. 11. Indeed, the purported harm to all plaintiffs' First Amendment rights occurred at least in part in the Western District because, according to the complaint, the mail policy "interfere[s] with the in-person meetings held between the Organizations and their clients [at BFDF] by inhibiting the Organizations' ability to provide their clients with legal documents." Compl. ¶ 36. Lastly, plaintiffs' cursory treatment of the locus of operative facts factor fails entirely to account for their APA claim. That claim implicates far broader issues than the site of any alleged chilling of speech. Rather, it alleges that the BFDF mail policy—which "provides for the inspecting, copying, and retaining of legal mail sent to and by individuals detained at BFDF," *id.* ¶ 1; is implemented at BFDF by ICE employees and contractors, *see id.* ¶¶ 13-31; and is overseen by two named defendants responsible for, among other things, "implementing operational procedures at BFDF," *see id.* ¶¶ 14, 15—violates agency guidelines, *see id.* ¶¶ 4-12, 43-45.

In sum, "[t]his factor substantially favors transfer from this district" because plaintiffs "ha[ve] not shown that any of the operative facts arose in the Southern District of New York." *Gordon v. State Farm Fire & Casualty Co.*, No. 24 Civ. 8392 (GHW), 2025 WL 1079096, at *4 (S.D.N.Y. Apr. 10, 2025) (Woods, J.) (quotation marks omitted).

### B. The Western District of New York Is the More Convenient Forum for Witnesses and the Parties

The Western District is also the more convenient district for both witnesses and the parties. *See* Defs.' Br. 9-13. Plaintiffs err in arguing that defendants must identify specific witnesses and their testimony in order to demonstrate that the witness convenience factor favors transfer. Pls.' Opp. 14. As Judge Woods has explained, where the moving party "seeks a transfer on account of several factors, his failure to specify key witnesses and their testimony is not fatal." *Gordon*, 2025 WL 1079096, at *5 (quotation marks omitted). Here, defendants have established by clear and convincing evidence that multiple factors—most significantly the locus of operative facts—support transfer. The convenience of witnesses is a common-sense "corollary" to the locus of facts analysis. *Giordano*, 2019 WL 13252609, at *2. That the bulk of witnesses "will likely reside in, and be subject to service of process in, the [Western District of New York], and find it more convenient to testify in their home district," *id.*, is plain from the face of the complaint, which alleges events that occurred in that District, *see* Compl. ¶¶ 13-31. And the "materiality, nature, and quality" of those witnesses—who supervise, implement, or are subject to the challenged mail policy—is beyond dispute. *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 617 (S.D.N.Y. 2016) (quotation marks omitted).

Importantly, the Western District will be more convenient for the only two categories of potential non-party witnesses that either side has identified: contractors who work at BFDF and individuals who are, or perhaps were, detained at BFDF. *See* Defs.' Br. 10, 11; *Payless Shoesource, Inc. v. Avalon Funding Corp.,* 666 F. Supp. 2d 356, 364 (E.D.N.Y. 2009) (convenience of non-party witnesses afforded greater weight than that of party witnesses); *accord DiPizio v. Empire State Development Corp.*, No. 15 Civ. 5339 (GHW), 2015 WL 5824704, at *6 (S.D.N.Y. Oct. 5, 2015) (Woods, J.). Plaintiffs assert that contractors do not fall into the non-party witness category,

Pls.' Opp. 14, but do not dispute that such witnesses are likely to reside in the Western District, and they also do not dispute that this analysis applies to individuals detained at BFDF, *see* Compl. ¶¶ 20, 22 (alleging agency actions witnesses by detained individuals).

The Western District is not inconvenient for plaintiffs' party witnesses, who routinely travel to the Western District in connection with representing clients there. *See* Defs.' Opp. 11 (citing Nowak Decl. ¶¶ 7, 8; Gillman Decl. ¶ 11; Belsher Decl. ¶¶ 4, 8). Furthermore, "roughly half" of PLSNY's potential witnesses are presumably located in that District because they work at PLSNY's Buffalo office. *See id.* (citing Nowak Decl. ¶ 3). Plaintiffs' assertion that producing party witnesses in the Western District would be burdensome conflates the burdens allegedly occasioned by the mail policy with the requirements of litigating this case in the District where all the relevant events occurred. *See* Pls.' Opp. 13. On the other hand, plaintiffs effectively concede that *no* government witnesses are located in the Southern District. *See id.* 11.

For much the same reasons, transfer is warranted because it "would increase convenience to [defendants] without generally increasing the inconvenience to the [plaintiffs]." *Dynamic Data Technologies*, 2019 WL 2433549, at *4. Again, no government witnesses are in this District. Courts transfer cases in such circumstances regardless of the presumption that government witnesses can be produced anywhere. *See, e.g.*, *Ruiz ex rel. E.R. v. United States*, No. 13 Civ. 1241 (KAM) (SMG), 2014 WL 4662241, at *11-*13 (E.D.N.Y. Sept. 18, 2014) (transferring case where no government agents with knowledge of events resided in New York). Plaintiffs' emphasis on potential government witnesses located in Washington, D.C., is a red herring. *See* Pls.' Opp. 15. Aside from the possibility of administrative action relating to the approval of the mail policy—an allegation that does not appear in the complaint—nothing pertaining to this case took place in Washington (which also is not in this District). That the two defendant agencies are purportedly

"based in" Washington, Pls.' Opp. 15, does not change the fact that any actual agency employees involved in this litigation are likely to be located in the Western District, and certainly will not be located in this District. For all these reasons, transfer will greatly increase convenience to defendants.

By contrast, transfer to the Western District will not generally increase the inconvenience to plaintiffs. As explained above, one plaintiff is located in that District and the other plaintiffs litigate cases there. Any burden occasioned by plaintiffs' "continued representation of their clients in the face of Defendants' unconstitutional policy," Pls.' Opp. 15, is a separate issue from whatever inconvenience might arise from litigating this case in the district where the relevant events occurred and many, if not most, witnesses are located. And plaintiffs, as legal organizations whose attorneys have appeared in this case, cannot rely on any purported inconvenience stemming from their role as counsel as opposed to parties, *see Invivo Research, Inc. v. Magnestic Resonance Equipment Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000)—a point they do not dispute.

**C. The Primary Sources of Proof Are Located in the Western District of New York**

The location of documents and other sources of proof—including records likely to comprise defendants' certified administrative record—also supports transfer. *See* Defs.' Br. 13-14. Plaintiffs do not dispute that "it is improper to ignore" this factor merely because documents can be transferred electronically. *Dynamic Data Technologies*, 2019 WL 2433549, at *6 (quotation marks omitted). Thus, their claim that administrative records can be "scan[ed] and email[ed]" does not change the analysis; nor does their passing reference to records that might be located at two of the plaintiffs' offices. *See* Pls.' Opp. 17-18. Finally, that this factor weighs "slightly" in favor of transfer, *DiPizio*, 2015 WL 5824704, at *7, does not diminish its significance, *contra* Pls.' Opp. 18. Because "weighing the balance" of relevant factors "is essentially an equitable task left

to the Court's discretion," *Dynamic Data Technologies*, 2019 WL 2433549, at *6, combining this factor with all the other factors supporting transfer to the Western District contributes to the clear and convincing evidence justifying that relief.

**D. The Relative Means of the Parties Does Not Weigh Against Transfer**

By contrast, the relative means of the parties does not factor meaningfully into the transfer analysis, and certainly does not come close to outweighing all the other grounds for transfer. *See* Defs.' Br. 14. The plaintiffs represent clients and litigate cases in the Western District, *see* Compl. ¶¶ 8-10, one of the plaintiffs is located in that District, *see id.* ¶ 8, and plaintiffs are represented by "a large and well-resourced law firm," *Barry v. United States*, No. 21 Civ. 7684 (BCM), 2022 WL 4467504, at *6 (S.D.N.Y. Sept. 26, 2022). "Given these facts, the relative means of the parties do not weigh heavily in favor of either side." *Barry*, 2022 WL 4467504, at *6.

**E. Plaintiffs' Choice of Venue Is Entitled to Diminished Weight**

For all these reasons, plaintiffs' decision to commence this lawsuit in this District is not entitled to the weight it might otherwise enjoy. *See* Defs.' Br. 15-16; Order to Show Cause 2 (plaintiffs' choice of forum likely entitled to "diminished" weight). To begin, plaintiffs place particular emphasis on the extent to which they are purportedly "at home" here, *see* Pls.' Opp. 8-9, but as Judge Woods has explained, "only one of the three named plaintiffs is alleged to reside in the Southern District"—PLSNY's offices are in the Western and Northern Districts and RFK Human Rights "maintains offices" both in New York and Washington. Order to Show Cause 2-3. In other words, plaintiffs are less at home in this District than they suggest.

Moreover, a plaintiff's choice of forum is not entitled to deference where, as here, "the balance of the factors strongly favors transfer." *Dynamic Data Technologies*, 2019 WL 2433549, at *7. In particular, the significance of plaintiff's choice "measurably diminishes" where the

operative facts "have few meaningful connections" to the chosen forum. *Simpson v. Rodas*, No. 10 Civ. 6670 (CS), 2012 WL 4354832, at *10 (S.D.N.Y. Sept. 21, 2012). That is precisely the situation here: as explained above and in defendants' opening brief—and as Judge Woods observed at the outset of this case—plaintiffs' lawsuit has few if any meaningful connections to this District because it "arises [entirely] from alleged conduct at the [BFDF]." Order to Show Cause 3. Plaintiffs' attempt to distinguish *Simpson*'s holding on its facts is unavailing. *See* Pls.' Opp. 9. Nothing in the case law suggests that the "few meaningful connections" standard applies only when all the claims with alleged connections to the chosen district have been dismissed. *See, e.g.*, *Gordon*, 2025 WL 1079096, at *4 (giving diminished weight to plaintiff's choice of forum based on "lack of any meaningful nexus between the claims [he] assert[s] and this District"); *Harris v. Brody*, 476 F. Supp. 2d 405, 406-07 (S.D.N.Y. 2007) (assessing "operative facts" and concluding they supported transfer to New Jersey). Here, as in other cases, the lack of meaningful connections between plaintiffs' claims and this District, along with the broader balance of the factors, diminishes the weight to which plaintiffs' venue choice is entitled.

**F. The Interests of Justice and Totality of the Circumstances Support Transfer**

Finally, the interests of justice and totality of the circumstances weigh decidedly in favor of transfer. This factor "relates primarily to issues of judicial economy." *Dynamic Data Technologies*, 2019 WL 2433549, at *8. Accordingly, and contrary to plaintiffs' claim, *see* Pls.' Opp. 18-19, that this case is in its early stages factors into the analysis and supports defendants' motion, because there "has not yet been a significant investment" by this Court in this case, *see Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 32-33 (S.D.N.Y. 2016).

That consideration is relevant given the other reasons for transfer that defendants identify. *See* Defs.' Br. 14-15. As defendants explained, and as plaintiffs do not dispute, a habeas petition

currently pending in the Western District, in which the petitioner is represented by two of the plaintiff organizations, also raises issues concerning BFDF's mail policy. *See K.K. v. Garland et al.*, No. 6:23-cv-6281 (FPG) (W.D.N.Y.); *cf. Williams v. City of New York*, 03 Civ. 5342 (RWS), 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative" (citing cases)). Whether "these cases could be consolidated" or otherwise coordinated in ways that "serve efficiency," Pls.' Opp. 19, are questions that the Western District, not this Court, is best positioned to address. That is particularly true given that any future habeas petitions implicating the BFDF mail policy will also, by necessity, be filed in the Western District, because that is the district in which the petitioners will be detained. Put simply, judicial economy will be served by the Western District adjudicating an issue that potentially affects its docket. Indeed, plaintiffs have, in other instances, filed cases relating to BFDF and its policies in the Western District, *see, e.g.*, *Robert F. Kennedy Human Rights v. ICE*, 22-CV-00929-LJV-HKS, 2024 WL 3968822, at *1 (W.D.N.Y. Aug. 28, 2024), underscoring that the Western District can and should adjudicate this case as well.

That this Court is "capable of adjudicating [plaintiffs'] claims," Pls. Opp. 19, is beyond dispute, but this factor concerns judicial economy—and that interest is best served by transferring this case to the District in which the relevant events occurred.

## CONCLUSION

For the foregoing reasons, and those set forth in defendants' opening brief, the Court should transfer this matter to the U.S. District Court for the Western District of New York.

Dated: New York, New York
May 16, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Christopher K. Connolly*
CHRISTOPHER K. CONNOLLY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2761
E-mail: christopher.connolly@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,940 words.